UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTI L. R.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 3:19-cv-00185-MK <br><br> OPINION AND ORDER |

**KASUBHAI, Magistrate Judge:**

Plaintiff Christi L. R. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying her application for Disability Insurance Benefits under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Both parties consent to jurisdiction by a U.S. Magistrate Judge.

For the reasons discussed below, the Court reverses and remands this case for further administrative proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.

1 – OPINION AND ORDER

**BACKGROUND**

Plaintiff protectively filed an application for Disability Insurance Benefits on August 12, 2015, alleging disability beginning August 30, 2010. Tr. 18. Her claims were denied initially and upon reconsideration, and Plaintiff timely requested and appeared for a hearing before Administrative Law Judge ("ALJ") Richard Geib on September 19, 2017. Tr. 36. The ALJ denied Plaintiff's application in a written decision dated December 29, 2017. Tr. 18-30. Plaintiff sought review from the Appeals Council. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review of the decision.

**STANDARD OF REVIEW**

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

**THE SEQUENTIAL ANALYSIS**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies his or her burden

with respect to the first four steps, the burden shifts to the commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two, the Commissioner determines whether the claimant has one or more severe impairments that are expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). At step three, the Commissioner determines whether any of those impairments "meets or equals" one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(ii). The Commissioner then assesses the claimant's residual functional capacity ("RFC"). *Id.* At step four, the Commissioner determines whether claimant's FRC allows for any past relevant work. *Id.* At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

**DISCUSSION**

In the present case, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of August 12, 2015. Tr. 21. At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease/degenerative joint disease of the cervical spine and lumbar spine and bilateral shoulder

impairment[.]" Tr. 22. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in the Listings. Tr. 25.

Prior to step four, the ALJ determined that Plaintiff retained the RFC that allowed her to perform light work and "she can frequently balance, stoop, kneel, crouch, and crawl, and can occasionally reach overhead bilaterally." Tr. 26.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a phlebotomist and a medical assistant. Tr. 30. The ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff raises a single issue. Specifically, Plaintiff challenges the ALJ's exclusion of two questionnaires from evidence based on the "five-day rule." Pl.'s Br. 3-6, ECF No. 18. Plaintiff's counsel sent the questionnaires to be filled out by mental health counselors Aspen Sartoris, MA, QMHP, LPC, and Brooke Sheehan, PMHNP, who had counseled Plaintiff. Tr. 18. Plaintiff informed the ALJ about the questionnaires one week before the hearing. *Id.* The questionnaires were signed and submitted to the ALJ within five days before the hearing. Tr. 40. The Commissioner takes the position that the ALJ did not err. Def.'s Br. 3.

**I. The Five-Day Rule**

> Social Security regulations provide:
>
> Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512 [Responsibility for evidence], no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. §§ 404.935(a), 416.1435(a). Paragraph (b) provides:

> If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
>> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;
>>
>> (iii) Important records were destroyed or damaged by fire or other accidental cause; or
>>
>> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. §§ 404.935(b), 416.1435(b). This is known as the "five-day rule." *See Lena J. v. Comm'r of Soc. Sec.*, No. C18-6007-RBL-BAT, 2019 WL 3291039, at *1 (W.D. Wash. July 1, 2019).

The ALJ declined to admit the questionnaires. Tr. 18. The ALJ reasoned that "[e]vidence does not exist until it is signed," and concluded that the questionnaires were not evidence until signed after the expiration of the five-day rule. Tr. 18-19. Additionally, the ALJ concluded that "the requirements of 20 CFR [§] 416.1435(b) are not met" based on the following findings:

> The claimant's representative was assigned to the case eight weeks prior to the hearing. … I advised the representative that the hearing in the matter was scheduled on May 12, 2017, and inquired as to who worked on the case during the two months from the time it was scheduled until it was assigned to an attorney, and the representative advised that she did not know. This practice does not allow

sufficient time to obtain statements from treating sources, and it is likely that evidence will not arrive timely.

Tr. 18-19. Plaintiff contends that the rule is "a notice requirement" and "does not require that evidence must already exist in order to be encompassed by the notice rule." Tr. 43; Pl.'s Br. 4, ECF No. 18.

As an initial matter, the Court reviews the ALJ's proposition that the questionnaires were not evidence until signed[2]. According to 20 C.F.R. § 404.1513(a): "What we mean by evidence. Subject to the provisions of paragraph (b), evidence is *anything* you or anyone else submits to us or that we obtain that *relates to* your claim." (emphasis added). This definition of "evidence" does not include a signature requirement. The ALJ's proposition that the questionnaires were not evidence until signed is not supported by this definition. Based on the definition, the questionnaires were evidence as long as they relate to Plaintiff's claim. Since the Commissioner does not dispute the relevance of the questionnaires, they were, and are, evidence.

It is undisputed that Plaintiff informed the ALJ's office about the questionnaires more than 5 business days before the hearing. Tr. 43. The question therefore is whether Plaintiff complied with the five-day rule by either informing the Commissioner about *or* submitting written evidence no later than 5 business days before the hearing. 20 C.F.R. §§ 404.935(a), 416.1435(a) (emphasis added). The announcement of the final rule by the Social Security Administration offers guidance as to whether Plaintiff's notification complied with the five-day rule. It provides:

> While it is true that, in many cases, an ALJ adjudicates the case through the date of the hearing decision, our rule is not intended to prevent a claimant from submitting evidence related to ongoing treatment. Rather, we expect that evidence of ongoing treatment, which was unavailable at least 5 business days before the

---

[2] The ALJ did not cite authority for this position. See Tr. 18-19.

6 – OPINION AND ORDER

hearing, would qualify under the exception in 20 CFR 404.935(b)(3) and 416.1435(b)(3).

*Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process*, 81 FR 90987-01, at *90990-91, 2016 WL 7242991 (December 16, 2016). Furthermore, "we note that if a claimant informs an ALJ about evidence 5 or more days before the hearing, there would be no need for the ALJ to find that an exception applies, because the claimant notified us prior to the deadline." *Id.* at *90991. Therefore, a notification of evidence 5 or more days before the hearing satisfies the five-day rule paragraph (a) of the five-day rule, and the ALJ does not need to find an exception in paragraph (b) of the five-day rule. Here, the hearing was on September 19, 2017. Tr. 18. Plaintiff's counsel informed the ALJ about the questionnaires on September 11, 2017, seven days before the hearing. *Id.* Plaintiff complied with the five-day rule. According to the Commissioner's final rule announcement, "there would be no need for the ALJ to find that an exception applies[.]" 81 FR 90987-01, at *90991. The ALJ erred in excluding the questionnaires.

## II. Harmless Error

The Commissioner contends that the ALJ's error is harmless "because the content of the questionnaires would not have a reasonable chance of altering the ultimate nondisability determination." Def.'s Br. 4, ECF No. 19.

"[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). To determine whether substantial evidence exists, a court reviews the administrative record as a *whole*, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis*, 868 F.2d at 326 (emphasis added). Additionally, "[i]n Social Security cases the ALJ has a special duty to fully

and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citation and quotation marks omitted).

Here, the ALJ excluded the questionnaires that should have been admitted. As a result, the ALJ failed to fulfill the special duty to fully and fairly develop the record. The Court is unable to review the administrative record as a whole to weigh both the evidence that supports and detracts from the ALJ's conclusion. *Davis*, 868 F.2d at 326. Without a fully and fairly developed record, it will require the Court to speculate in order to determine whether the Commissioner's decision is based on proper legal standards and whether the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see Batson*, 359 F.3d at 1193. Therefore, the Court remands this case for further administrative proceedings.

## CONCLUSION

The Court reverses and remands this case for further administrative proceedings. On remand, the Commissioner shall admit the questionnaires into evidence and reevaluate Plaintiff's claim.

DATED this <u>13th</u> day of February 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge